UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

RICKY BERNARD LACY

        Plaintiff,

v.                                        Case No. 08-CV-128

BRIGGS & STRATTON CORP., and
KEN DELLMAN,

        Defendants.
_____

# ORDER

On February 5, 2008, pro se plaintiff Ricky Bernard Lacy filed a complaint against Briggs & Stratton Corp. and Ken Dellman apparently raising a claim relating to his prior employment. In connection with his complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948).

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff's total monthly income amounts to $1,572. Thus, according to the petition, it appears the plaintiff is able to pay the $350 filing fee in this action without undue

hardship or deprivation of life's necessities, and on that basis alone his petition cannot be granted. *See Adkins*, 335 U.S. at 339.

In addition, it is readily apparent that the plaintiff's complaint lacks merit as required by 28 U.S.C. § 1915(e)(2)(B). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In

-2-

Case 2:08-cv-00128-JPS   Filed 02/11/08   Page 2 of 4   Document 3

hardship or deprivation of life's necessities, and on that basis alone his petition cannot be granted. *See Adkins*, 335 U.S. at 339.

In addition, it is readily apparent that the plaintiff's complaint lacks merit as required by 28 U.S.C. § 1915(e)(2)(B). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In

determining whether a plaintiff's complaint fails to state a claim, a court assumes that the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *See Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In the instant case, the court notes that the plaintiff's complaint is difficult to understand, however, it is clear that the complaint does not satisfy all of the § 1915(e)(2)(B) requirements. The plaintiff's complaint reads, in whole, as follows:

> I'm filing this lawsuit against Briggs & Stratton and F.B.I. for lost wages, 401k, punitive damages for 31 years service. They discharge me in 2-7-88. They without my knowledge put me under electronic surveillance on my body and teeth. This is still going on to this present day. I didn't ask for any of this. They did it without my knowledge and I don't appr[ec]iate it. They even monitoring me in my home. They took everything from me, my job, car, my home. As a result of this I became ill. This is the result of my sickness (paranoid schizophrenia). They also took control of my bank account, bills, credit cards. They also mess with my family and friend. They ruined my teeth and control my body. They the state E.E.O.C. should have overturn the ruling decision against me. Instead the[y] rule in Briggs & Stratton favor. The broke into my home and stole the paperwork I had against Briggs & Stratton. I tried to get my copy from E.E.O.C. but they refuse to help me. I have a case against them to. They violated my (civil rights).

(Compl. 3-4.)

Even giving the plaintiff's complaint a generous interpretation, it is readily apparent that the complaint is an inconceivable fantasy. As written, the plaintiff's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. When a complaint contains factually baseless claims, such as those "describing fantastic or delusional scenarios," a district court can properly deny a

-3-

plaintiff leave to proceed. *Neitzke*, 490 U.S. at 328. Further, if the court construes the plaintiff's complaint as an employment discrimination claim, the plaintiff has not alleged that he belonged to a protected class when he was discriminated against. Nor is it apparent that he has exhausted his administrative remedies. As such, under § 1915(e)(2)(B), the plaintiff's suit must be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket # 1) be and the same is hereby **DISMISSED**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge